*S. M. Young*, for plaintiff in error.

*A. V. Andrews* and *W. R. Pruner*, for defendant in error.

---

## DEFENSES AGAINST UNION MUTUAL FIRE INSURANCE COMPANY ASSESSMENTS.

[Circuit Court of Huron County.]

JAMES B. SWING, TRUSTEE OF THE UNION MUTUAL FIRE INSURANCE COMPANY OF CINCINNATI, OHIO, v. THE OHIO CULTIVATOR COMPANY.

Decided, November, 1906.

*Fire Insurance—Policy Holders in the Union Mutual Fire Insurance Company—May Interpose Defenses under the Supreme Court Decree—Statute of Limitations—Assessments—Judgments.*

1. The decree of the Ohio Supreme Court, entered in June, 1901, against the policy holders of the Union Mutual Fire Insurance Company, of Cincinnati, does not find that any one policy holder may not assert legitimate defenses in a suit instituted against him as a policy holder in accordance with said decree.
2. The defense that an action on such an assessment is barred by reason of the lapse of six years from and after the making of a

prior assessment and notice thereof served upon the defendant with demand for payment, is conclusive against a trustee seeking to enforce such subsequent assessment.

*Per Curiam.*

The facts in this case, briefly stated, are as follows: Suit was instituted in the Court of Common Pleas of Huron county by the present plaintiff in error against the Ohio Cultivator Company, based upon assessments ordered by the Supreme Court in June, 1901, against the policy holders of the Union Mutual Fire Insurance Company of Cincinnati, a corporation which, about the year 1890, was dissolved by order of the Supreme Court, and for which the plaintiff, Swing, had been by the Supreme Court appointed trustee. The defendant asserted in the court of common pleas that the plaintiff's action was barred by the lapse of six years from and after the making of a prior assessment and notice thereof with demand for payment served upon the defendant. This defense was successfully maintained in the court of common pleas, which rendered judgment for defendant. To reverse this judgment the proceedings in the circuit court were instituted.

Our judgment is that the court below was right in its conclusions as to the claim of the statute of limitations asserted by defendant below, the Ohio Cultivator Company. While the findings and decree of the Supreme Court classifying the claims of creditors against the dissolved insurance company and ordering assessments against policy holders classified according to the terms that such policies were in force can not be collaterally impeached, this conclusion leaves as an open question the construction of such findings and decree. Our view is, that the Supreme Court did not intend to fix the liabilities of each policy holder or determine his specific defenses or claims. True the finding of the court determines the rate of assessment which is to be made against the policy holders of the class to which the defendant belongs, but it does not find that any one policy holder of such class may not assert legitimate defenses in a suit instituted against such policy holder. If the court had contemplated the conclusive determination of the liabilities of each policy

holder, there would have been no necessity for ordering suits by the receiver to collect assessments. A computation of the amount due upon each policy with an order for an execution to collect the same in case of default in payment upon notice of the assessment, would have sufficed.

The case at bar differs from that of *Mills, Spellmire & Co.* v. *Whitmore, Trustee,* 22 C. C., 467, decided by the Hamilton Circuit Court, in the fact that in that case the order of the Supreme Court after fixing the classes of policy holders subject to assessment and fixing the assessment upon each class, concluded with the words, "Subject to any defense which any individual member may have to show that he is not liable," while no such qualification is found in the decree of the Supreme Court, which is made the basis of this action. Notwithstanding the omission of such qualifying clause, we think that it should be read into the decree as a fair construction of the spirit and purpose thereof.

In this connection and in support of the position which we have taken, reference may be made to the case of *Great Western Telegraph Company* v. *Purdy,* 162 U. S., 329, and especially to the language found in the opinion of the court announced by Mr. Justice Gray, on page 337, as follows:

"But the order was not, and did not purport to be, a judgment against any one. It did not undertake to determine the question whether any particular stockholder was or was not liable in any amount. It did not merge a cause of action of the company against any stockholder on his contract of subscription nor deprive him of the right, when sued for an assessment, to rely on any defense which he might have to an action upon this contract.

"In this action, therefore, brought by the receiver, in the name of the company, as authorized by the order of assessment, to recover the sum supposed to be due from the defendant, he had the right to plead the release, or payment, or the statute of limitations, or any other defense, going to show that he was not liable upon his contract of subscription."

We are not apprised by the pleadings or the evidence as to the scope of the inquiry reported upon by the referee to the Supreme Court. It is unlikely that opportunity was given for

the presentation before him of claims of specific defense such as that asserted before us. The pleadings and evidence do disclose the essential fact that in the year 1891, more than six years prior to the institution of this action, and again in 1897, a like assessment was made, not for precisely the same amount, but to cover the same losses, against the defendant. The statute of limitations applicable to liabilities of this character bars suit upon them after the lapse of six years.

If the assessments of 1897 and 1901 were on account of a further liability arising out of the fact that the assessment of 1891 was not sufficient in amount if collected to cover the liabilities to which defendant in error was bound to contribute, then the fact that the assessment of 1891 was barred by the statute of limitations might not result in such subsequent assessments, or the entire amounts thereof, also being barred by the statute. But it appears to us from the evidence that the assessment of 1891 was designed to discharge, and if collected probably would have discharged, all liabilities to the discharge of which defendant in error was bound to contribute, and therefore it was an assertion against him of the full and entire amount of his liability, and the subsequent assessments were merely re-assessments to cover the same liability, and the purpose of making such re-assessments may have been to give the claim against the defendant in error new life so that the bar thereof by the statute of limitations might be avoided; but this, we think, could not be done effectively.

We think then, that the defendant below has presented and maintained a sufficient defense to the claim asserted by the trustee. Entertaining these views, the judgment of the court below will be affirmed.